

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAKHMINA BURHONOVNA AKRAMOVA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-73972 <br><br> Agency No. A088-565-663 <br><br> MEMORANDUM[*] |
| TAKHMINA BURHONOVNA AKRAMOVA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-70748 <br><br> Agency No. A088-565-663 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2016

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: HAWKINS, W. FLETCHER, and MURGUIA, Circuit Judges.

Takhmina Akramova, a native and citizen of Tajikistan, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). She also petitions for review of the BIA's order denying her motion to reopen her removal proceedings. Akramova claims persecution on account of her interest in Christianity. We deny the petitions.

Although the Immigration Judge may have rendered an adverse credibility finding, the BIA did not adopt the credibility determination. Rather, the BIA concluded that Akramova had not met her burden "[e]ven assuming" that she presented a credible claim for relief. Consequently, we assume Akramova testified credibly. *Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011).

Even accepting Akramova's testimony as true, she has not carried her burden of establishing eligibility for relief. The two incidents about which Akramova testified — being hit in the head with a rock by her classmate and the police officer abusing her when she attempted to report that incident — are not so severe as to rise to the level of persecution, even when considered in conjunction with the threats her mother received and the impact on Akramova's mental health.

-2-

*Cf. Bondarenko v. Holder*, 733 F.3d 899, 908–09 (9th Cir. 2013); *Li v. Holder*, 559 F.3d 1096, 1107–08 (9th Cir. 2009).

Akramova failed to establish an objectively reasonable well-founded fear of future persecution. As the BIA found, Akramova's evidence on conditions in Tajikistan shows that the government restricts Islamic extremism, not the practice of Christianity. Akramova's claim is also undermined by the fact that she continued to live in Tajikistan for nearly a year without facing any further negative incidents. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991).

Because Akramova failed to demonstrate eligibility for asylum, her withholding claim necessarily fails. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Akramova likewise failed to establish eligibility for relief under the CAT. The two incidents about which Akramova testified were not so severe as to constitute torture. *Cf. Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (concluding that it was "not clear" that the five beatings the petitioner received (two of which the Court described as "severe") rose to the level of torture). Akramova failed to present any evidence indicating she will be tortured if removed to Tajikistan.

Finally, the BIA did not abuse its discretion in denying Akramova's motion to reopen. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (quoting 8 C.F.R. § 1003.2(c)(1)). Most of the evidence Akramova attached to her motion to reopen was available before Akramova's 2011 hearing. The evidence that was available only after her hearing — two articles about the murder of a man dressed as Santa Claus — did not show *government* involvement in the persecution or torture of Christians. *Castro-Martinez v. Holder*, 674 F.3d 1073, 1080 (9th Cir. 2011) ("To qualify as persecution for the purpose of asylum, an act must be inflicted either by the government or by individuals or groups the government is unable or unwilling to control." (citation omitted)); *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (noting that to qualify for CAT relief, a petitioner must show torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity") (quoting 8 C.F.R. § 208.18(a)(1)). To the contrary, these articles indicate that the Tajikistan government treated the killing, which was committed by private parties, as a murder and eventually arrested the parties responsible.

**Petitions for review DENIED.**